OPINION OF THE COURT
Frank A. Sedita, Jr., J.
Respondent herein sought and obtained an arbitration of a fee dispute with her former matrimonial attorney pursuant to *960 Rules of the Chief Administrator of the Courts (22 NYCRR) part 136. Petitioner, her attorney, seeks to vacate that determination pursuant to CPLR article 75, and his former client has cross-moved pursuant to article 75 to confirm said determination.
When petitioner was first retained by the respondent she gave him a retainer of $1,500. Later in the matrimonial lawsuit, Supreme Court Justice Jerome Gorski made an additional interim award of $3,000 in fees to the respondent. At the arbitration the respondent challenged the total fees to the petitioner including the retainer and those awarded from the marital estate. In a split decision the arbitration panel determined that $2,200 of the $4,500 in total fees should be refunded to the respondent.
The seminal issue here is whether or not the panel exceeded its jurisdiction in making this determination (see, CPLR 7511 [b] [1] [iii]). Clearly, the panel could review a separate fee arrangement between the attorney and client (assuming the proceeding was not otherwise defective). However, part of what was reviewed by the panel were fees awarded from the marital estate by a Supreme Court Justice.
This appears to be a case of first impression. We note that the other person with a claim to the marital estate and its ultimate division was not noticed to participate in the arbitration. We also note that the panel is in the questionable position of affecting and reviewing (at least as to $3,000 of the fee) a valid order of a sitting Supreme Court Justice.
Pursuant to section 237 of the Domestic Relations Law the court is empowered to determine a fee issue placed before it in a matrimonial lawsuit. Nowhere in this statute or elsewhere in New York law have we found authority for the proposition that any body other than our appellate courts can review and/or modify a determination of a State Supreme Court Justice.
State Supreme Court is presumed to have jurisdiction of a matter unless a limit or restriction on that jurisdiction is clear. (29 NY Jur 2d, Courts and Judges, §§ 27-728.)
We do not find it reasonable to assume or conclude that in providing for fee arbitration the panels were intended to have the power to overrule or modify a Supreme Court order.
It is clear also that the panel was under the impression that it had the power to review the entire fee including both the retainer and that portion awarded by Justice Gorski.
*961 Since the panel was obviously under the impression that it was to review the entire fee (retainer plus court award), its determination is clearly a result of a mistake of fact as well as law and must be vacated.
It is not necessary to reach the other issues raised by the petitioner.
Accordingly, this petition is granted and the decision of the arbitration panel is hereby vacated.